**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ILLINOIS, COMMONWEALTH OF KENTUCKY, AND STATE OF NORTH CAROLINA,<br><br>            Plaintiffs,<br><br>   v.<br><br>FORTUNE HI-TECH MARKETING, INC., FHTM, INC., ALAN CLARK HOLDINGS, LLC, FHTM CANADA, INC., FORTUNE NETWORK MARKETING (UK) LIMITED, PAUL C. ORBERSON, AND THOMAS A. MILLS,<br><br>            Defendants. | Case No.: 1:13-cv-00578<br><br>Judge John W. Darrah<br>Magistrate Arlander Keys |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO TRANSFER VENUE**

Pursuant to 28 U.S.C. § 1404(a), Fortune Hi-Tech Marketing, Inc, FHTM, Inc., Alan Clark Holdings, LLC, FHTM Canada Inc., Fortune Network Marketing (UK) Limited, Paul C. Orberson, and Thomas A. Mills (collectively, the "Defendants" or "FHTM"), submit this Memorandum in support of their Motion to Transfer Venue.

**INTRODUCTION**

Despite the fact that the vast majority of the complained-of acts occurred in the Eastern District of Kentucky, Plaintiffs brought this action in the Northern District of Illinois, far from witnesses, sources of proof, and the community most interested in the disposition of this action. The Northern District of Illinois has no interest in this action unique from that of any other federal district across the country. For the convenience of the parties and witnesses and in the interest of justice, the Court should therefore exercise its discretion under 28 U.S.C. § 1404(a)

and transfer the case to the Eastern District of Kentucky so that the record can be developed and the case resolved in the most efficient and convenient location.

## BACKGROUND

Plaintiffs filed their sealed Complaint in this action on January 24, 2013. Plaintiffs, the Federal Trade Commission ("FTC"), the Commonwealth of Kentucky, and the States of Illinois and North Carolina (through their Attorneys General), allege violations of various consumer protection statutes, including the FTC Act and state consumer protection statutes in Kentucky, Illinois, and North Carolina. [DE #4, Complaint ¶ 1-4] All of these alleged violations are based on the same nucleus of facts, *i.e.*, the allegation that Defendants engaged in an illegal pyramid scheme operated out of their corporate headquarters in Lexington and Danville, Kentucky. Plaintiffs allege that Defendants directed this pyramid scheme to individuals located in Kentucky, Illinois, and North Carolina. [*Id.* ¶¶ 77, 80, 99]

## ARGUMENT

Motions to transfer venue are governed by 28 U.S.C. § 1404(a). A district court should transfer a case under Section 1404(a) when: (1) venue is proper in the transferor district; (2) venue is proper in the transferee district; (3) the transfer will serve the convenience of the parties and witnesses; and (4) the transfer will serve the interests of justice. *See Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 913 (N.D. Ill. 2009); *Gueorguiev v. Max Rave,* LLC, 526 F. Supp. 2d 853, 856 (N.D. Ill. 2007).

In evaluating the convenience of the parties and witnesses, this Court must consider: (1) the plaintiff's choice of forum; (2) the *situs* of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties

litigating in the respective forums. *Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, 200 F. Supp. 2d 941, 946 (N.D. Ill. 2002).

In considering the interests of justice, this Court weighs additional factors, including: (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in each locale; and (4) the relation of each community to the occurrence at issue. *Id.*

The balance of factors in this case tilts decidedly towards transfer to the Eastern District of Kentucky. The Eastern District of Kentucky is where Defendants formed and developed the accused business practices, and the parties will have greater access to sources of proof, including witnesses and documentary evidence, in that district. The Eastern District is also a convenient and central location for the parties to litigate, as it is the home forum for all Defendants and one of the Plaintiffs. A transfer would therefore serve the interests of justice and allow the parties to resolve the case in the most efficient and convenient manner.

**I.  Venue Is Proper in Both the Northern District of Illinois and the Eastern District of Kentucky**

Plaintiffs assert that venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c) and (d) and 15 U.S.C. § 53(b). [Complaint ¶ 7.] Defendants agree. Those same statutes also make venue proper in the Eastern District of Kentucky, as (1) Defendants are alleged to either live or have a primary place of business in that district [*id.* ¶¶ 13-19]; (2) at least one plaintiff, the Attorney General of the Commonwealth of Kentucky, is located in that district [*id.* ¶ 11]; (3) the alleged fraudulent acts took place in that district [*id.* ¶ 80]; and (4) 15 U.S.C. § 53(b) grants nationwide venue for FTC Act claims.

**II.     A Transfer Will Serve the Convenience of the Parties and Witnesses**

Witnesses, documentary evidence, and other sources of proof are all located in the Eastern District of Kentucky, and it is a convenient and central location for both Plaintiffs and Defendants to litigate this action. The *Allied Van Lines* factors thus weigh in favor of transfer.

**A.     Plaintiffs' Choice of Forum Should be Accorded Little Deference in This Action**

A plaintiff's choice of forum is normally accorded substantial deference, especially if it is the plaintiff's home forum. *Nalco Co. v. Environmental Management, Inc.*, 694 F. Supp. 2d 994, 998 (N.D. Ill. 2010). That deference can be overridden, however, by the other factors in the analysis when the forum is not the *situs* of material events. *Id*; *see also Law Bulletin Publ'g, Co. v. LRP Publ'n, Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998). In this action, the Northern District of Illinois is the home forum of only one of the four Plaintiffs—the state of Illinois. The Eastern District of Kentucky is also the home forum of one of the Plaintiffs, the Commonwealth of Kentucky, and is the home forum of Defendants. And as discussed below, the material events, witnesses, documentary evidence, and other sources of proof are all located in the Eastern District of Kentucky. This factor favors Defendants, and Plaintiffs' choice of forum is entitled to little deference.

**B.     The Eastern District of Kentucky Is the *Situs* of the Material Events Alleged in the Complaint**

Plaintiffs have alleged that Defendants operate an illegal pyramid scheme from their corporate offices in Lexington and Danville, Kentucky. This is where Defendants formed and developed the accused business structure, and designed and implemented FHTM's marketing, training, and compliance programs. While the Complaint alleges that Defendants marketed FHTM's products to residents in the Northern District of Illinois, the connection to that judicial

district is no more significant than the connections alleged with any other state. The federal judicial district with the most substantial connection to the Complaint's allegations is the Eastern District of Kentucky. This factor favors transfer.

### C. The Parties Will Have Greater Access to Sources of Proof in the Eastern District of Kentucky

As noted above, Plaintiffs allege that Defendants have operated an illegal pyramid scheme out of their corporate offices in Lexington and Danville, Kentucky. All witnesses and documentary evidence of that alleged scheme, including financial records, marketing materials, training protocols, sales records, and compensation plans, are located in those two cities, both of which are located in the Eastern District of Kentucky. Few if any witnesses, and likely no sources of documentary evidence, are located in the Northern District of Illinois. This factor favors transfer.

### D. The Eastern District of Kentucky Is More Convenient for Witnesses

The individuals who formed, developed, and implemented Defendants' accused business practices are all located in the Eastern District of Kentucky. Some are still employed by Defendants, while others are not. These past and present employees will be the most important witnesses regarding Plaintiffs' claims and Defendants' defenses. Absent transfer, party and non-party witnesses alike will be required to incur significant expense to participate in the litigation.

The fact that non-party witnesses, including former employees of the Defendants, are located in the Eastern District of Kentucky is of particular importance and is given additional weight. These witnesses would not be subject to this Court's subpoena power, but would likely be subject to the subpoena power of Eastern District of Kentucky. *See, e.g.*, *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 736 (N.D. Ill. 2007); *Jaramillo*, 664 F. Supp. 2d

at 915; *Heller Financial, Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1130 (N.D. Ill. 1989).

Transfer to the Eastern District of Kentucky would also impose no material inconvenience on Plaintiffs' witnesses. To date, Plaintiffs have supported their claims with the sworn testimony of two expert witnesses employed by the FTC who would be under no undue burden if the case is heard in the Eastern District of Kentucky. In addition, the Receiver has retained the Lexington law firm of Wyatt, Tarrant & Combs LLP as local counsel. The parties are thus prepared to litigate in the Eastern District of Kentucky and this factor favors transfer.

### E. The Eastern District of Kentucky Is More Convenient for the Parties

Given that the bulk of Defendants' witnesses and relevant documents are in Kentucky, the Eastern District of Kentucky is plainly the more convenient forum for Defendants. The Eastern District of Kentucky is also a convenient forum for Plaintiffs. Lead Plaintiff FTC is a federal agency and litigates nationwide—transfer will not inconvenience it. And while the Northern District of Illinois provides a home forum for the Illinois Attorney General, the Eastern District of Kentucky is the home forum for the Kentucky Attorney General and is the more convenient venue for the North Carolina Attorney General. *See, e.g.*, *U.S. v. Binder*, 794 F.2d 1195, 1200 (7th Cir. 1986) (noting preference for a centrally-located forum when faced with widely-scattered witnesses and parties). This factor weighs in favor of transfer.

### III. A Transfer to the Eastern District of Kentucky Will Serve the Interests of Justice

The Eastern District of Kentucky will likely afford the parties a faster trial, and as the home forum for the Defendants, has a unique interest in the resolution of this action. The Northern District of Illinois has no unique interest in this action. The public interest factors thus unequivocally favor transfer.

    **A.    The Case Will Likely Proceed to Trial Faster in the Eastern District of Kentucky**

According to the most recent statistics available, the Eastern District of Kentucky has an average annual caseload of slightly over 2,200 cases. [*See* Judicial Caseload Profile, attached hereto as Exhibit 1] The Northern District of Illinois, on the other hand, has an average annual caseload in excess of 10,000. [*Id.*] Not surprisingly, the average time to trial in civil cases in the Eastern District of Kentucky is 23.6 months, while the average time to trial in the Northern District of Illinois is 31.2 months. [*Id.*] The parties will likely be able to proceed to trial more quickly in the Eastern District of Kentucky, thus serving the interests of justice for the parties and the public.

    **B.    Neither District Can Claim Superiority in Familiarity with the Applicable Law**

The Complaint alleges violations of the federal FTC Act, a national law with which neither district can claim superior familiarity. *See, e.g.*, *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (noting that any federal district should be familiar with federal laws). With respect to the state law allegations, while the Northern District of Illinois is likely more familiar with the Illinois Consumer Fraud and Deceptive Business Practices Act, the Eastern District of Kentucky is more familiar with the Kentucky Consumer Protection Act and the Kentucky Pyramid Sales Act. Neither can claim unique familiarity with the North Carolina Pyramid and Chain Schemes Statute or the North Carolina Unfair and Deceptive Practices Act. This factor is therefore neutral.

    **C.    Kentucky Has a Local Interest in the Underlying Dispute; Illinois Does Not**

The Eastern District of Kentucky has a strong connection to this case, a case brought against prominent local individuals and local companies that have employed a large number of

the district's citizens. Indeed, the allegations of wrongdoing surround conduct that occurred within the Commonwealth of Kentucky. The state's local citizens, including Defendants' former employees, thus have a strong interest in the resolution of this action. The Northern District of Illinois, on the other hand, has no comparable connection to the underlying dispute, and its courts and citizens have no unique interest in its outcome. This factor weighs strongly in favor of transfer.

## CONCLUSION

The Eastern District of Kentucky is the most appropriate venue for this action. The alleged illegal conduct occurred in Kentucky, fact witnesses and documentary evidence are in Kentucky, and Kentucky is the community with the greatest interest in the disposition of this action. Kentucky is also a central location for all parties, and is the home venue of Defendants and one Plaintiff. The Northern District of Illinois has no interest in this action different from that of any other federal district court across the country. For these reasons, this Court should exercise its discretion under 28 U.S.C. § 1404(a) and transfer the action to the Eastern District of Kentucky.

Respectfully submitted,

FORTUNE HI-TECH MARKETING, INC., FHTM, INC., ALAN CLARK HOLDINGS, LLC, FHTM CANADA, INC., FORTUNE NETWORK MARKETING (UK) LIMITED, PAUL C. ORBERSON, AND THOMAS A. MILLS

    s/ *Jose A. Lopez*
One of Their Attorneys

Jose A. Lopez
Regina L. LaMonica
Caryn L. Trombino
Perkins Coie LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL  60603
Tel: 312.324.8400
Fax: 312.324.9400
Email: JLopez@perkinscoie.com
        RLaMonica@perkinscoie.com
        CTrombino@perkinscoie.com

Stephen G. Amato
Jaron P. Blandford
Daniel Luke Morgan
McBrayer, McGinnis, Leslie
& Kirkland, PLLC
201 E. Main Street, Suite 900
Lexington, KY  40507
Tel: 859.554.4414
Fax: 859.231.6518
Email: SAmato@mmlk.com
        JBlandford@mmlk.com
        LMorgan@mmlk.com

Dated:  February 18, 2013

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Defendants' Memorandum in Support of Motion to Transfer Venue** was served upon all counsel of record this 18th day of February, 2013.

**Via CM/ECF Filing System**
David A. O'Toole
Rozina C. Bhimani
John C. Hallerud
Federal Trade Commission - Midwest Region
55 West Monroe Street, Suite 1825
Chicago, IL 60603

**Via Federal Express**
Adam Sokol
Assistant Attorney General
Office of the Illinois Attorney General
100 W. Randolph, 12th Floor
Chicago, IL 60601

**Via Federal Express**
Todd E. Leatherman
Executive Director
Office of the Kentucky Attorney General
1024 Capital Center Drive
Frankfort, KY 40601

**Via Federal Express**
Creecy C. Johnson
Assistant Attorney General
North Carolina Department of Justice
114 West Edenton Street
Raleigh, NC 27603

/s/ *Jose A. Lopez*
Jose A. Lopez